Good morning, and peace to the court. My name is Michael Burke, and I represent Guillermo Ortega, who is the appellant in this action. With the court's permission, I will attempt to reserve two minutes of my time for rebuttal, and I will keep track of my time. Thirty years ago, the United States Supreme Court held in Mendoza, Lopez, that a defendant charged with illegal re-entry has a due process right to challenge the validity of the removal order that is the predicate of the offense that the government is charging Guillermo with. I'm going to run the risk of maybe asking the first question right away. My apologies. I'm concerned that the practical aspect of this felony and the record fee needs to be released from jail in July of 2017. Yes, Your Honor. What exactly do you want? I mean, I'm concerned about the fact that he may be incarcerated or custody, but the practical ramifications of that might be, if the state is willing to be remanded for whatever reasons, that he stays in jail. And I just wondered what it is that you have, or what you would like us to do in that context. And, Judge Blanco, I have to be completely candid with you. I'm not an immigration lawyer, so I cannot tell you exactly what would happen once his time had been served, but it's my understanding that he would continue to be detained. I understand that to be the question. The question is, given the fact that his prison term runs out in July, and if we do that, what do we do now, in the sense that he would be remanded for further hearings, or are they going to take him until July, or what are we doing? Your Honor, I would say according to several options, I would say remanding for further hearings would probably be the last of the options that would be the most beneficial to Mr. Ortega. I believe that this Court can actually review the 1326D claim de novo with the materials that have been provided in the appendix to the opening brief that this Court will provide. Well, Your Honor, the government has briefed the issue of prejudice in their answer brief in this case, and we have responded to that. So that aspect of the claim is what we don't know. I mean, it looks like he had a criminal history. We don't know how extensive, but there were other, you know, apparently convictions on his record, and that's what goes to prejudice. I'm just concerned maybe there would be some other avenue out there, even if your point is well taken here. Well, Your Honor, all that Mr. Ortega would have to establish is that there would be a plausible relief for him, not even a probable relief for him. Had this information been dealt to the Immigration Justice in 2001, and we had set forth in a brief some of those plausible claims... Are you suggesting that we can make that prejudice determination as a matter of law as an objective point? Yes, Your Honor, because you would be reviewing de novo a decision or the actions of the District Court. Did the District Court do anything? No, Your Honor, it did not, but the District Court made an implicit ruling that the 1326d motion that Mr. Ortega was attempting to make from say had nothing to do with this case. That's the question. Is there going to be a attempt to mediate this case in order for you to make a decision? We are always impedible to mediation, Your Honor. There has been no attempt to mediate it. There has been no attempt to mediate it. It's an amazing, crazy story. Can I ask a question? What's your strongest argument that the bail may consider or motion the defendant raised pro se when the defendant was represented by counsel? Your Honor, the local rules for the District of Arizona permit a District Court judge in his or her discretion to allow a pro se defendant to make a pro se, excuse me, to allow a defendant who is represented by counsel to make a pro se motion. It's entirely in the response to what Mr. Ortega was doing was not to say, Mr. Ortega, you're represented by counsel. Let your counsel do his job. What he said was, tell me what you want me to know or tell me what the problem is. And Mr. Ortega in remarkably accurate language said, I have previously argued that I was deprived of due process. And he set forth as best he could in his pro se what the grounds for relief would be. And the District Court judge did not respond. I can't hear you. He said, what you're telling me is irrelevant to your case, which was incorrect. It was not irrelevant to his case. Whether we view it as a basic requirement of the Supreme Court or whether we view it as a requirement for an MOU and effective assistance by not raising it, we still don't have to decide the issue of prejudice. We don't know how to resolve that now. It seems to me to be a problem to consider that it is not accountable. Your Honor, again, I would submit that this Court, based on the materials that have been submitted, could make an initial finding of prejudice. But if the Court were uncomfortable doing that, the only alternative would be to remand for further proceedings on it. And prejudice, to be specific, is about whether he would have gotten any relief assuming he was eligible for it. It would determine if ... It seems to be conceded that the original IJL was wrong when she said he had been convicted of an aggravated felony. So, with that concession, he may be eligible for some relief that he, she said he wasn't eligible for. So, the question, or she did say he wasn't eligible for it. So, the question becomes whether what I gather was a rather extensive criminal record and particularly a record of coming back into the country time after time after he'd been deported legally or illegally. The question is whether, I mean, there's just not even a brief thing about what the case law demonstrates about the likelihood of him getting released under those circumstances. Well, two points of response, Your Honor. One is he doesn't have to show that he would have gotten any plausibility, which is a minor, minor level to prove. And the other is the immigration judge did mention a 25-page record of criminal history. I'm not sure where that came from. And this Court has filed under seal the pre-sentence report that was prepared in his case, and it's ... I'm a little uncomfortable doing fact-finding in terms of going through his PSR and trying to make a determination of whether or not that's going to And he didn't. He came forward and was asking for a petition, if I recall correctly, for cancellation or removal. At this stage, though, Your Honor, that's what I understood. So, .IJ, the immigration judge, said you're not eligible for cancellation or removal, and then said all these probably wrong reasons for it. And then, so he was deported or removed, therefore, arguably improperly. And so, I'm just trying to figure out, I guess, maybe I'll ... my colleagues as well. How are we supposed to grant, I think, the relief you're seeking? I'm trying to figure out what's the relief you're seeking. Are we saying he's free and he's made his remain in the country indefinitely, or what is it that you're seeking? No, Your Honor, we are seeking dismissal of the illegal re-entry indictment. In this case, we are only focused on the criminal aspect of what is happening in Mr. Ortega's life. All this Court would need to find in order to grant that relief is that he has shown a plausible argument that he might have gotten relief from an objective immigration judge. That's all you're asking? That's all that we are asking. And so, we are focused solely on the criminal aspect, and we seek dismissal of the indictment. How do we make that determination on the ground that he could be a regular judge in the plethora of other election courts he's been to? Well, Your Honor, just as the District Court would as well, by looking at the case ... No, we're not ... Especially if there's going to be an extensive specialist, and I'm saying this in fairness to your client, that we might not be aware of something. We see some of the records that need to be highlighted to a judge in court. I don't know. Well, Your Honor, I'm certainly not arguing against him. You may ask for further proceedings for Mr. Ortega. That is, if you're not arguing against him. But as Judge Plott pointed out at the beginning, we are in somewhat of an awkward position that Mr. Ortega is set to be released in July of the coming year. So, with the court's permission, if you still don't mind time, if I may have some rebuttal, I'd appreciate it. Thank you. Will you ever talk more to our suspect? Yes, Your Honor. In the last six years, Doctor, you may have taken quite a few, many, many obvious errors by the IJB and the facility. Well, first, if I may, my name is Shelley Clements, and I'm an assistant United States attorney for the District of Arizona. And the reason why this court should not dismiss this conviction based on ... or even remanding is because the defendant fails in its burden to show prejudice. The government has conceded in its briefing that ...
judges: Berzon, Murguia, Block